**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————————

**No. 07-1437**

—————————————

THANH HOAI, as an individual, as the owner of
an enterprise engaged in Interstate and
foreign commerce, as a member of the
Vietnamese speaking community in America, on
behalf of himself and others similarly
situated,

Plaintiff - Appellant,

and

DAI CHUNG NEWS MEDIA, INCORPORATED,

Plaintiff,

versus

THI NGO HIEN; NGOC NGO HUNG, VIETNAMESE PUBLIC
RADIO, INCORPORATED; COMMITTEE FOR RELIGIOUS
FREEDOM IN VIETNAM, INCORPORATED; HONG THAI
NGUYEN; THANG DINH NGUYEN; BOAT PEOPLE S.O.S.,
INCORPORATED; NGHI HOANG TRAN; LE PHAI,
INCORPORATED, dba Le Phai Newspaper; JOHN DOE
#1, Whose real name is presently unknown, but
who, under the pen name Le Minh Ngoc, writes
in the Le Phai weekly newspaper articles that
defame the plaintiffs and cast the plaintiffs
in a false light that are then broadcast on
the programs of defendant VPR; JOHN DOE #2,
Whose real name is presently unknown, but who,
under the pen name Le Tam, writes and
publishes articles on the website
internetyahoot/thaoluan that defame the
plaintiffs and cast them in a false light that
are then broadcast on defendant VPR's program;
JOHN DOE #3, Whose real name is presently
unknown, but who broadcasts and hosts on VPR

programs under the broadcast name of Huy Duc matter the (sic) defames the plaintiffs and casts them in false light in manner to stire (sic) up members of audience and threats include violence; JOHN DOE #4, Whose real name is presently unknown, but who broadcasts and hosts on VPR programs under the name Hoang Lan matter that defames plaintiffs and casts them in false light in manner to stir up audience and threaten plaintiffs to include violence; JOHN DOE #5, Whose real name is presently unknown, but who broadcasts and hosts on VPR programs under the name of Le Thi matter that defames plaintiffs and casts them in false light in manner to stir up audience and threaten plaintiffs to include violence; JOHN DOE #6, Whose real name is presently unknown, but who broadcasts and hosts on VPR programs under the name of Thanh Tin matter that defames plaintiffs and casts them in false light in manner to stir up audience and threaten plaintiffs to include violence; JOHN DOE #7, Whose real name is presently unknown, but who broadcasts and hosts on VPR programs under the name of Hong Hanh matter that defames plaintiffs and casts them in false light in manner to stir up audience and threaten plaintiffs to include violence; REGISTERED AGENT BOAT PEOPLE S.O.S., INCORPORATED,

Defendants - Appellees.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Williams, Jr., District Judge. (8:05-cv-03420-AW)

———————————

Submitted: November 30, 2007          Decided: January 7, 2008

———————————

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

- 2 -

John David Hemenway, Washington, D.C., for Appellant.  Due Hau
Tran, Washington, D.C.; Hong Thai Nguyen, NGUYEN & ASSOCIATES, LLC,
Columbia, Maryland; Joseph Daniel Gallagher, William David Day,
GILL, SIPPEL & GALLAGHER, Rockville, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thanh Hoai appeals from the district court's order dismissing his civil complaint, which asserted claims under the Federal Racketeer Influenced Corrupt Organization Act, 18 U.S.C. § 1964(c) (2000), as well as claims of "false light," defamation, malicious prosecution, and conspiracy to commit each of these. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. Hoai v. Hien, No. 8:05-cv-03420-AW (D. Md. Mar. 28, 2007). Hoai also asserts that the district court should have transferred his state law claims to the state court to avoid having the statute of limitations expire as to these claims. We find that transfer of such claims was not necessary. See 28 U.S.C. § 1367(d) (2000) (tolling limitation period for claim asserted under supplemental jurisdiction while case is pending in federal court and for a period of thirty days after dismissal under § 1367). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -